The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

John H. ALDERMAN, Defendant-Appellant.

No. 84CA1291.

Colorado Court of Appeals, Div. III.

March 27, 1986.

Rehearing Denied April 17, 1986.

Certiorari Denied June 23, 1986.

incarcerated in the Denver County Jail. On May 17, 1983, defendant was sentenced to the Department of Corrections for a term of six years, plus one year of parole. However, because of overcrowded conditions at the Department of Corrections, defendant was not transported to the Department's Diagnostic Center until an additional 119 days had elapsed. During this time, he remained in the Denver County Jail. Defendant received good time credit for the 119 days of post-conviction confinement, but received no earned time credit.

Defendant filed a motion pursuant to Crim.P. 35(c)(2)(I) requesting that he be awarded earned time credit for the 119 days of post-sentence confinement. The trial court found that the defendant had made reasonable efforts while in the Denver County Jail to meet the requirements of § 17–22.5–302, C.R.S. (1985 Cum.Supp.), the earned time statute. However, it held that an award of earned time credit is solely within the discretion of the Department of Corrections, and that that discretion is controlled by the requirements of the earned time statute. Since defendant did not meet all of the statutory requirements, he was not entitled to earned time credit. The trial court also found that delays in bringing prisoners to the state diagnostic unit because of overcrowding did not violate defendant's right to equal protection of the laws.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Robert Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Judy Fried, Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, John H. Alderman, appeals the denial of his Crim.P. 35(c)(2)(I) motion seeking the grant of earned time credit. We affirm.

On February 15, 1983, defendant entered a plea of guilty to felony theft and was

I.

Defendant first argues that since § 17–22.5–302, C.R.S. (1985 Cum.Supp.) does not require that a sentence be served at a particular location, he met the requirements of that statute entitling him to earned time credit. We reject defendant's argument.

■ There is no fundamental or constitutional right to time off for good behavior. *People v. Turman*, 659 P.2d 1368 (Colo. 1983). Accordingly, any right or entitlement to such reductions in sentence exist only as created by statute. *See Alexander v. Wilson*, 189 Colo. 321, 540 P.2d 331 (1975).

Section 17–22.5–302, C.R.S. (1985 Cum. Supp.) provides that earned time:

"may be deducted from the inmate's sentence upon a demonstration to the department by the inmate that he has made substantial and consistent progress in *each* of the following categories:

(a) Work and training . . . ;

(b) Group living . . . ;

(c) Participation in counseling sessions and involvement in self-help groups;

(d) Progress toward the goals and programs established by the Colorado diagnostic program." (emphasis added)

Hence, an inmate must make substantial progress in each of the four essential areas in order to accumulate earned time credit.

■ Here, although defendant was technically in the custody of the Director of the Department of Corrections from the date of imposition of his sentence, *see* § 17–22.-5–302, C.R.S. (1985 Cum.Supp.), no goals or programs had been established for him because he had not been received at the Department of Corrections Diagnostic Unit. Accordingly, since defendant did not fulfill the statutory requirement set forth in § 17–22.5–302(1)(d), we hold that he is not entitled to earned time credit. *See Castro v. District Court*, 656 P.2d 1283 (Colo. 1982).

## II.

Defendant also argues that the failure to grant earned time credit for his post-sentence confinement operates to deny his constitutional right to equal protection of the law. The basis of this claim is that overcrowding caused the defendant to receive unjustified inconsistent treatment in violation of the policy of "fair and consistent treatment" in sentencing specified in § 18–1–102.5(1)(b), C.R.S. (1985 Cum.Supp.).

■ Rehabilitation, one of the purposes of sentencing, constitutes a legitimate state interest. As is the case with the good time provisions, the earned time provisions are a means of achieving the goal of rehabilitation. Our supreme court in *People v. Turman, supra,* held that the equal protection

rights of prisoners held outside the physical confines of Department of Corrections facilities were not violated when those prisoners were denied good time credit. Applying the same analysis to the denial of earned time to' defendant, we reach the same result.

■ We note, as well, that, unlike the situation in *People v. Turman, supra,* this defendant's inability to participate in the Department of Corrections Diagnostic Program was not the result of his inability to post bail. Rather, it resulted solely from the overcrowded conditions in our penal system. Defendant has made no showing that he was singled out for disparate treatment or that his treatment was based on an economic classification any more than the many other prisoners who were also denied access to the Diagnostic Unit because of overcrowding in our state prisons. Thus, we find no violation of defendant's right to equal protection.

Notwithstanding our conclusions that defendant is not entitled to earned time credit on either a statutory or an equal protection analysis, we note that, through no fault of his own, defendant spent over six months in the Denver County Jail waiting to be transported to the Diagnostic Center. Under the legislative scheme adopted by the General Assembly, defendant had a statutory right to good time credit during this period, *see* § 17–22.5–301, C.R.S. (1985 Cum.Supp.), but was not so vested with any right to earned time credit under § 17–22.-5–302, C.R.S. (1985 Cum.Supp.). This distinction reflects a policy decision by the General Assembly. And, as stated in *People v. Turman, supra,*

"That we might believe the decision it reached was not the best, or that we might reach a different decision, or even that we might believe the decision incorrect, does not entitle us to overrule the decision of a coordinate branch of government absent a firm conviction that the decision is irrational."

Consequently, despite the unfairness to defendant caused by the delay, we cannot negate the legislative policy embodied in

the statute. *See Kallenberger v. Buchanan,* 649 P.2d 314 (Colo.1982); *Bellendir v. Kezer,* 648 P.2d 645 (Colo.1982).

The order is affirmed.

PIERCE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

Here, on the day defendant was sentenced, he was committed to the custody of the executive director of the Department of Corrections. From that day he was under the control of the Department and in its constructive custody. The trial court found that the defendant had conducted himself in a manner which would entitle him to earned time credit had he been received by the Diagnostic Center during the critical period. Thus, the mere fact that his physical place of custody was in the Denver County Jail rather than in a facility operated by the Department of Corrections is not dispositive of his claim to equal protection under the law.

The concept of fundamental fairness which underlies our constitutional guaranty of equal protection cannot be reconciled, on a rational basis, with the denial of a liberty interest merely because the administration of the Department of Corrections has failed to supply those inmates in its charge who are detained in county jails with the same goals and programs which are offered to the inmates similarly sentenced but who happen to be incarcerated within state facilities. *Cf. People v. Turman,* 659 P.2d 1368 (Colo.1983).

Section 2–4–201(1)(c), C.R.S. (1980 Repl. Vol. 1B) admonishes the courts in construing statutes to presume that a just and reasonable result is intended. I would therefore construe § 17–22.5–302, C.R.S. (1980 Cum.Supp.) as requiring progress towards the goals and programs established by the Colorado Diagnostic Program, only if such programs are in fact made available to an inmate. This construction must be given to the statute if a just and reasonable result is to be achieved.

Based upon the discussion above, I would remand this matter to the trial court for entry of an order granting defendant earned time for the 119 days spent in the Denver County Jail after he had been sentenced to the Department of Corrections.