The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Hermino MAESTAS, Defendant–Appellant.

No. 95CA0143.

Colorado Court of Appeals, Div. A.

Jan. 25, 1996.

Rehearing Denied Feb. 15, 1996.

Certiorari Denied Aug. 19, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Eric V. Field, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Cherner & Blackman, Barbara S. Blackman, Denver, for Defendant–Appellant.

Opinion by Chief Judge STERNBERG.

Defendant, Hermino Maestas, filed a motion for postconviction relief pursuant to Crim.P. 35(c), asserting that he was entitled to "earned time" credit for time spent in presentence confinement. The trial court denied his motion, he appeals, and we affirm.

Following a guilty plea to one count of attempted possession of a controlled substance, defendant was sentenced to serve eight years in the Department of Corrections (D.O.C.). At sentencing, the court noted on the mittimus that defendant was entitled to presentence confinement credit and good time credit for the 392 days he had served in the county jail prior to sentencing.

Defendant initiated this action under Crim.P. 35(c) requesting that the court order

the D.O.C. to award him earned time credit for the 392-day period of presentence confinement. After conducting a hearing, the trial court denied defendant's motion. This appeal followed.

■ There are two separate statutory sections which govern the availability of earned time credits. Read together, the two sections authorize the award of as much as ninety days of earned time credit for each six months of incarceration, subject to the limitation that total earned time may not exceed twenty-five percent of the inmate's sentence.

The first of these is § 17–22.5–302, C.R.S. (1986 Repl.Vol. 8A). The second, upon which defendant relies, is § 17–22.5–405, C.R.S. (1995 Cum.Supp.), which provides in relevant part:

(1) Earned time, . . . may be deducted from the inmate's sentence upon a demonstration to the department by the inmate . . . that he has made consistent progress in the following categories as required by the department of corrections:

(a) Work and training . . .

(b) Group living . . .

(c) Participation in counseling sessions . . .

(d) Progress towards the goals and programs established by the Colorado diagnostic program;

(e) . . . compliance with the conditions of parole release;

(f) The offender has not harassed the victim either verbally or in writing;

(g) The inmate has made positive progress . . . in the literacy corrections program or the correctional education program. . . .

. . . .

(3) For each inmate sentenced to the custody of the department, or for each parolee, the department shall review the performance record of the inmate or parolee and may grant, withhold, withdraw, or restore, consistent with the provisions of this section, an earned time deduction from the sentence imposed. . . .

■ Defendant argues that, under the language of § 17–22.5–405, earned time credits are available to persons incarcerated in facilities other than those administered by the D.O.C. Hence, he concludes that such credits should be awarded for the time he was in county jail. We disagree.

Defendant points out that § 17–22.5–405 lists criteria substantially similar to those in § 17–22.5–302(1), C.R.S. (1986 Repl.Vol. 8A), which also defines conditions for an inmate to receive earned time credits, but, unlike § 17–22.5–302(1), it does not specify that the D.O.C. can award earned time credits only if the inmate has made substantial progress in "each" of the enumerated categories. Defendant suggests that, because § 17–22.5–405 lacks the specification that compliance with "each" listed qualification be shown, he is entitled to earned time credit under the analysis of *People v. Alderman,* 720 P.2d 1000 (Colo.App.1986).

In *Alderman,* a division of this court ruled that, under § 17–22.5–302, an inmate who, because of overcrowding, was held in a county jail after imposition of sentence while awaiting transfer to the D.O.C. was not entitled to earned time credit. The *Alderman* court reasoned that, because the inmate had not yet been processed through the department's diagnostic program, he could not satisfy the necessary precondition to earned time eligibility of complying with the "goals and programs" prescribed by the diagnostic unit.

Defendant is correct that the *Alderman* court emphasized the term "each" when quoting the statute. However, we do not accept defendant's conclusion that, under *Alderman,* the absence of that word from § 17–22.5–405 operates to extend the availability of earned time credit so as to include the period of defendant's presentence confinement.

*Alderman* is factually distinguishable from the present controversy. The *Alderman* inmate "was technically in the custody of the Department of Corrections from the date of imposition of his sentence." *People v. Alderman, supra,* 720 P.2d at 1002. However, during the period at issue in this case, defendant was not in the custody of the D.O.C. Therefore, the determinative question is not whether defendant's conduct in the county jail might be held to satisfy any of the con-

trolling earned time criteria during the period of presentence confinement. Rather, the threshold inquiry is whether, under § 17–22.5–405, earned time credit is even available for a period of incarceration during which the defendant is not in the D.O.C.'s custody. We conclude that it is not.

Unlike the statutory sections defining earned time credit, the section defining good time credit mandates award of such credit for "[e]ach person sentenced for a crime" who has "substantially observed all of the rules and regulations *of the institution or facility in which he has been confined* and has faithfully performed the duties assigned to him." Section 17–22.5–301(1), C.R.S. (1986 Repl.Vol. 8A) (emphasis added). That language has been interpreted to mean that a defendant is statutorily entitled to receive good time credit for the period of presentence confinement spent in a county jail. *See People v. Chavez*, 659 P.2d 1381 (Colo.1983) (interpreting identical language of predecessor statute). In reaching that conclusion, the supreme court in *Chavez* emphasized the statute's use of the broad "institution or facility" language which was not restricted to "facilities under the supervision of the Department of Corrections." *People v. Chavez, supra*, 659 P.2d at 1383.

In contrast, § 17–22.5–405 refers only to "the department" as the agency to which rehabilitative performance must be demonstrated and authorizes only "the department" to apply earned time credit towards a sentence. In addition, the section states that earned time is available only to "the inmate." Throughout Title 17, persons in the custody of the D.O.C. are referred to as "inmates," while persons incarcerated in county jails are consistently referred to as "prisoners." Thus, unlike the good time statute at issue in *Chavez*, the language of § 17–22.5–405 limiting earned time credits to inmates in the custody of the D.O.C. makes clear that such credits under that section are not available for time spent in presentence confinement in a county jail.

Defendant makes a second argument not based on the language of the statute. Evidence introduced at the hearing established that it is the present practice of the D.O.C. to award earned time credits to inmates who have been sentenced to the D.O.C.'s custody but are awaiting transfer from a county jail to the D.O.C. Evidently, the D.O.C. awards earned time credits so long as no negative behavior report is generated by the county jail. Defendant argues that we should conclude this practice of the D.O.C. is mandatory under the statute and that it is therefore illogical for it not also to consider awarding him earned time credit for the period of his presentence confinement. Defendant contends that the D.O.C.'s practice of awarding postsentence earned time credit demonstrates the administrative practicability of similarly awarding credit for presentence confinement.

However, because we conclude that earned time credits are not available prior to the time that a defendant has been sentenced to serve a sentence in the custody of the D.O.C., we need not determine whether, in light of the post-*Alderman* enactment of § 17–22.5–405, the D.O.C. is in fact obligated to follow its present procedure with respect to time spent in county confinement after sentencing. While the D.O.C.'s treatment of postsentence time may demonstrate the feasibility of awarding earned time credit for presentence confinement, the only question before us is whether such an award is statutorily mandated. And, that question we have answered in the negative.

Order affirmed.

PIERCE* and SMITH*, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).