The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Anthony J. CARRILLO, Defendant–Appellant.

No. 01CA1811.

Colorado Court of Appeals.

Nov. 21, 2002.

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Andrea R. Manning, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Opinion by Judge NIETO.

Defendant, Anthony J. Carrillo, appeals the trial court's order denying his Crim. P. 35 motion for postconviction relief. We affirm.

In December 1993, defendant entered into a plea agreement under which he pleaded guilty to one count of second degree murder and received a stipulated sentence of thirty-five years in the Department of Corrections (DOC). Defendant was also ordered to pay $13,920.41 in restitution.

In September 2000, the DOC began deducting twenty percent of the deposits into defendant's inmate bank account to apply toward the payment of restitution. Defendant then filed a motion for postconviction relief pursuant to Crim. P. 35(a) & (c). He alleged that the withholdings were illegal because § 16–18.5–106, C.R.S.2002, was being applied to him in violation of the constitutional prohibition against ex post facto laws and his right to due process. The trial court denied the motion without a hearing, concluding that the relief defendant requested is not available under Crim. P. 35. This appeal followed.

▆▆▆ Initially we note that defendant's motion does not assert a claim under Crim. P. 35(a). An illegal sentence under Crim. P.35(a) is one that is inconsistent with the terms specified by statutes. *People v. Green*, 36 P.3d 125 (Colo.App.2001). Here, defendant does not challenge the sentence imposed by the trial court, but rather challenges the actions of the DOC. Thus, Crim. P. 35(a) provides no authority for the trial court to decide the issues raised in this motion.

▆▆▆ The People contend that defendant's claim that the DOC is unlawfully withholding sums from his inmate bank account does not allege any of the grounds for postconviction relief under Crim. P. 35(c). The People argue that defendant's claim must be brought in a civil action against the DOC, and therefore, the trial court properly denied defendant's motion. We agree that defendant's claim is not cognizable under Crim. P. 35(c).

▆▆▆ "A defendant is entitled to judicial review of a Crim. P. 35 (c) motion as long as the motion states a claim cognizable under that rule and the claim has not been fully and finally resolved in a prior judicial proceeding." *People v. Diaz*, 985 P.2d 83, 85 (Colo. App.1999).

Crim. P. 35(c)(2) provides that an application for postconviction review must allege one or more of the following grounds:

(I) That the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state;

(II) That the applicant was convicted under a statute that is in violation of the Constitution of the United States or the constitution of this state, or that the conduct for which the applicant was prosecuted is constitutionally protected;

(III) That the court rendering judgment was without jurisdiction over the person of the applicant or the subject matter;

(IV) That the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;

(V) That there exists evidence of material facts, not theretofore presented and heard, which, by the exercise of reasonable diligence, could not have been known to or learned by the defendant or his attorney prior to the submission of the issues to the court or jury; and which require vacation of the conviction or sentence in the interest of justice;

(VI) Any grounds otherwise properly the basis for collateral attack upon a criminal judgment; or

(VII) That the sentence imposed has been fully served or that there has been unlawful revocation of parole, probation, or conditional release.

Here, defendant does not contend that the restitution portion of his sentence ordered by the trial court is illegal or that restitution was imposed in an illegal manner. Rather, he contends that the DOC is improperly collecting restitution by withholding money from his inmate bank account. Defendant's claim concerns the DOC's action taken under § 16–18.5–106, not the sentence imposed by the trial court.

Section 16–18.5–106 does not require the court to make any findings or enter any orders. It also does not affect the court's calculation of the amount of restitution or the manner of imposing a restitution order on a defendant. The statute only gives directions to the executive director of the DOC concerning the collection of restitution from inmates.

The claim asserted in defendant's motion seeks relief against the DOC rather than relief from the judgment and sentence of the trial court, and therefore, it is a not a claim cognizable under Crim. P. 35(c). See *People v. McMurrey*, 39 P.3d 1221 (Colo.App.2001) (motion challenging DOC's authority to classify a defendant as a sex offender not appropriate under Crim. P. 35(c)).

Further, DOC has not been made a party or otherwise brought into this case. Because defendant seeks to adjudicate the actions of DOC under § 16–18.5–106, this claim should properly be brought against DOC. *See People v. McMurrey, supra; But cf. People v. Lowe*, 60 P.3d 753 (Colo App. No. 01CA1876, July 18, 2002)(authority of DOC to act under § 16–18.5–101, et seq., C.R.S.2002, adjudicated under motion to show cause).

Accordingly, we conclude that the trial court correctly denied defendant's motion for postconviction relief.

The order is affirmed.

Judge NEY and Judge KAPELKE, concur.