**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLAYTON BRUCE PHILLIPS; JIM
CHAPPELL; JAMES RUDNICK;
KYLE KILGORE,

        Plaintiffs - Appellants,

and

RANDY LANCASTER; DANIEL
AGER; BLAKE WEAVER; JOSEPH
BUCCI; DALTON LOYD
WILLIAMS; MARCUS CLOUATRE;
VINCENT DZIKOWSKI; GREGG
STANGA; JAMES SORENSON;
RICK JASPER; BYRON CORTEZ,

        Plaintiffs,

v.

JOHN W. SUTHERS, Executive
Director of (C.D.O.C.); DENNIS P.
DIAZ, Controller of Inmate Accounts
for (C.D.O.C.),

        Defendants - Appellees.

No. 02-1354
D.C. No. 01-B-259 (CBS)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

---

   [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Plaintiffs sought declaratory and injunctive relief from the implementation of a Colorado law (1) providing that every order of conviction of a felony, misdemeanor, petty offense, and certain traffic misdemeanors must consider restitution, and (2) authorizing the executive director of the Colorado Department of Corrections to deduct 20% of all deposits into an inmate's bank account for any outstanding order (including restitution) from a criminal case or for child support. An Act Concerning Restitution in Criminal Cases, and Making an Appropriation in Connection Therewith, 2000 Colo. Laws ch. 232, § 1, commonly referred to as Colorado House Bill 1169 ("Restitution Act"); codified in part at Colo. Rev. Stat. §§ 18-1.3-603(1) and 16-18.5-106(1) & (2).

On summary judgment, the magistrate judge determined that the enactment did not violate separation of powers, the ex post facto clause, due process, or any right to a trial by jury.[1] II R. Doc. 145. The district court adopted the magistrate judge's recommendation. II R. Doc. 149. Subsequently, the Colorado Court of

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] We note that the magistrate judge determined that this last contention in the form of an Apprendi challenge was not addressed by the state, however, the state did address it. I R. Doc. 136 at 2-5.

Appeals determined that the Restitution Act applies to sentences imposed prior to its enactment, but does not violate the prohibitions on ex post facto laws because it is merely a collection mechanism that "does not increase the face amount of restitution, costs, or other charges that were part of the original sentence." People v. Lowe, 60 P.3d 753, 757 (Colo. Ct. App. 2002). We agree.

Insofar as Plaintiff James Rudnick's[2] claim that he "has already satisfied his obligation of restitution and fine in full through a related civil proceeding which was concluded after his criminal sentencing court had ordered restitution," Aplt. Br. (Rudnick) at 3.5, the procedural mechanism for the alleged satisfaction lies with the state district court. See Colo. Rev. Stat. 16-18.5-103(3)(b)(II), repealed as of Oct. 1, 2002, now at Colo. Rev. Stat. § 18-1.3-603(3)(b)(II); People v. Carrillo, _ P.3d _, 2002 WL 31600994 at *2 (Nov. 21, 2002) (although Rule 35(c) motion could not be used to challenge the constitutionality of the Restitution Act, implying that it might be available to seek relief from the judgment and sentence of the trial court).

---

[2] The district court granted Mr. Rudnick leave to proceed without prepayment of the appellate filing fee.

With our observations, we affirm for substantially the reasons given by the magistrate judge. The judgment of the district court is

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge