The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Eddy HUERTA, Defendant–Appellant.

No. 02CA0913.

Colorado Court of Appeals,
Div. III.

Feb. 12, 2004.

Ken Salazar, Attorney General, Alisha M. Burris, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Eddy Huerta, Pro Se.

Opinion by Judge CARPARELLI.

Defendant, Eddy Huerta, appeals the trial court's order denying his Crim. P. 35(a) motion to correct an illegal sentence. We vacate the order and remand for dismissal of the motion.

In 1994, defendant pleaded guilty to one count of second degree burglary, a class three felony, for an offense occurring in May 1993. The trial court sentenced him to sixteen years in the Department of Corrections (DOC), and the sentence was later reduced to fifteen years.

Defendant was released on discretionary parole on June 15, 2000. The parole agreement attached to defendant's Crim. P. 35(a) motion indicates that his parole was to be discharged on June 15, 2005. Defendant violated his parole in August 2000 and was returned to DOC. It appears from the record that defendant's reincarceration will continue through 2007, the statutory discharge date on his original sentence.

After defendant was returned to prison, he filed pro se a Crim. P. 35(a) motion to correct his allegedly illegal sentence and argued that DOC was applying the wrong discretionary parole statute to his sentence. He asserted that he had been paroled under § 17–22.5–303(6)–(7), C.R.S.2003, which provides that the parole period shall be five years and, upon revocation of parole, the parolee may be returned to DOC for a period of not more than five years.

The People filed a response to defendant's motion, contending that defendant had been paroled pursuant to § 17–22.5–403(5)–(6),

C.R.S.2003. Under that statute, upon revocation of parole, the parolee may be returned to DOC for a period up to the discharge date of the parolee's sentence.

The trial court denied defendant's motion, concluding that his sentence was not illegal based on its review of defendant's submissions, the People's response, and the court's file.

On appeal, defendant contends that the trial court erred when it denied his motion. Specifically, he asserts that DOC applied the wrong parole statute in calculating his release date upon his reincarceration.

We invited supplemental briefs on the questions of whether Crim. P. 35 grants jurisdiction to district courts to address issues related to the administration of parole and whether an action raising such an issue must be brought in a civil suit against the DOC and parole board as defendants. Having reviewed the supplemental briefs, we conclude that the trial court's order must be vacated and on remand the motion must be dismissed.

Defendant filed his motion pursuant to Crim. P. 35(a), which provides authority for the trial court to correct an illegal sentence or a sentence that was imposed in an illegal manner. For purposes of Crim. P. 35(a), an illegal sentence is one that is inconsistent with the statutes governing sentencing. *See People v. Green*, 36 P.3d 125, 126 (Colo.App.2001).

Because defendant's challenge is not to his sentence, but rather to an act by DOC, Crim. P. 35(a) does not give the trial court the authority to decide the issues raised in defendant's motion. *People v. Carrillo*, 70 P.3d 529 (Colo.App.2002). Defendant's claim lies in an action against DOC or the State Board of Parole, neither of which is a party here. *See People v. Carrillo, supra* (defendant's claim that restitution payments from his inmate account were being improperly withheld not cognizable under Crim. P. 35; relief lies in an action against DOC); *People v. McMurrey*, 39 P.3d 1221, 1225 (Colo.App.2001)(concluding that defendant's claim regarding his sex offender classification had to be brought against DOC); *People v.*

*Gallegos*, 975 P.2d 1135 (Colo.App.1998)(parole board determines which statute to apply to an application for parole), *aff'd by operation of law*, 2 P.3d 716 (Colo.2000); *cf. People v. Lowe*, 60 P.3d 753, 755 (Colo.App.2002)(reviewing trial court's order in criminal case where defendant asked for an order to show cause and court ordered and received a response from DOC).

Defendant's claim also does not state a ground for relief under Crim. P. 35(c). Crim. P. 35(c)(2)(VII) allows a defendant to seek immediate release when the sentence has been fully served or when the revocation of parole was unlawful. Defendant does not make either claim here. *See People v. Carrillo, supra; cf. People v. Gallegos, supra* (granting review under Crim. P. 35(c) when defendant asserted sentence had been fully served).

Therefore, the trial court's order is vacated, and the case is remanded to the trial court with instructions to dismiss the motion for lack of jurisdiction.

Judge TAUBMAN and Judge NIETO concur.