23CA1029 Peo v Soghigian 09-12-2024

COLORADO COURT OF APPEALS

Court of Appeals Nos. 23CA1029, 23CA1026, 23CA1027 & 23CA1028
El Paso County District Court Nos. 18CR3876, 17CR6882, 17CR7226 &
18CR3868
Honorable David A. Gilbert, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ben Robert Soghigian,

Defendant-Appellant.

ORDER AFFIRMED

Division A
Opinion by CHIEF JUDGE ROMÁN
Bernard* and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 12, 2024

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

K. Andrew Fitzgerald, Alternate Defense Counsel, Grand Junction, Colorado for
Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     Defendant, Ben Robert Soghigian, appeals the postconviction court's order summarily denying his Crim. P. 35(c) motion for an earned time credit review by the Department of Corrections (DOC). We affirm.

## I.     Background

¶ 2     In a global disposition, Soghigian pleaded guilty to (1) forgery, (2) theft, (3) identity theft and aggravated motor vehicle theft, and (4) aggravated motor vehicle theft in four cases — in return for the dismissal of numerous charges and eight other Colorado cases.  In November 2019, the district court sentenced Soghigian to consecutive prison terms of three years, nine years, one year, and three years, respectively — an aggregate sentence of sixteen years in the custody of the DOC — in accordance with the plea agreements. The court ordered that Soghigian's sentence would run concurrently with an eight-year sentence he had already begun serving in Arizona.

¶ 3     Soghigian remains imprisoned in Arizona.  In 2022, he timely filed a pro se Crim. P. 35(c) petition that was supplemented by counsel.  As relevant here, he claimed that his Colorado sentences were "illegally imposed" because the DOC had not reviewed his

1

Arizona performance record to calculate his eligibility for any earned time credits. *See* §§ 17-22.5-302(3), 17-22.5-405(3), C.R.S. 2023 ("the earned time statutes," providing that earned time credit reviews *shall* be conducted annually); *see also* Crim. P. 35(c)(2)(I). He also claimed, as he does on appeal, that the DOC's failure to evaluate his eligibility for earned time credit pursuant to section 17-22.5-302 is an as-applied violation of his constitutional right to equal protection. For relief, Soghigian seeks an order directing the DOC to comply with the earned time statutes.

¶ 4 The postconviction court denied the motion in a written order. As we read the order, the court found that Soghigian's claims were not cognizable under Crim. P. 35(c) because he substantively challenges the DOC's earned time review procedures — not the "sentence imposed" or the constitutionality of the earned time statutes. *See* Crim. P. 35(c)(2)(I), (II); *but see People v. Turman*, 659 P.2d 1368, 1370-71 (Colo. 1983) (interpreting pre-1979 law and concluding that a postconviction court has jurisdiction to consider whether a prisoner's constitutional rights have been violated by the application of the earned time statutes). We agree that Soghigian does not claim that the sentence imposed was unlawful, and we

conclude that the proper avenue for his claims is an action against the DOC.

## II.  Discussion

¶ 5      In his initial motion, Soghigian claimed that the confinement portion of his sentence had been fully served — a claim properly raised under Crim. P. 35(c).  *See* Crim. P. 35(c)(3) (providing that a defendant may move for postconviction relief when claiming "a right to be released").  But in his supplemental motion and on appeal, he abandoned that claim.  His remaining claims assert only that (1) the DOC is violating his statutory right to earned time credit reviews, and (2) by doing do, the DOC is applying the earned time statutes in an unconstitutional manner.  For three reasons, we conclude that the proper avenue for these claims is a civil action against the DOC, not a postconviction claim.

¶ 6      First, earned time credit decisions "lie[] in the discretion of the DOC . . . ."  *Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875, 878 (Colo. App. 2003); *accord Renneke v. Kautzky*, 782 P.2d 343, 344-45 (Colo. 1989); *see* § 17-22.5-405(3) (the DOC "may grant, withhold, withdraw, or restore . . . an earned time deduction from the sentence imposed").  Neither the prosecution nor the district court

have a role in reviewing a prisoner's performance or in calculating, awarding, or withdrawing earned time credits. The DOC is in the best position to explain its earned time review procedures and the rational basis for any disparate treatment of out-of-state prisoners. And the relief Soghigian seeks is an order directing the DOC to do something. Accordingly, the DOC is at least a necessary and proper party to this action. *See* C.R.C.P. 19.

¶ 7 Second, we disagree that Soghigian stated a claim for relief under Crim. P. 35(c). "[A] party aggrieved under Crim. P. 35(c) must claim either a right to be released or to have a judgment of conviction set aside on one of the grounds enumerated in Crim. P. 35(c)(2)." *Naranjo v. Johnson*, 770 P.2d 784, 787 (Colo. 1989) (holding that Crim. P. 35(c) is not an avenue for relief for a defendant claiming parole eligibility and arguing that the parole statutes are unconstitutional). But Soghigian abandoned his claim that he had a right to be released.

¶ 8 He argues that Crim. P. 35(c)(2)(I) encompasses his claims, but he does not truly allege that his *sentence* was "imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state." Proper Crim. P. 35(c)(2)(I) sentencing claims

4

concern the *sentence imposed* by the court, not the DOC's administration of a sentence. *Compare People v. Kennedy*, 2023 COA 83M (reviewing under Crim. P. 35(c)(2)(I) whether a twenty-nine-year sentence violates the Eighth Amendment), *with Owens v. Carlson*, 2022 CO 33, ¶¶ 21, 44 (granting mandamus relief to a defendant seeking recalculation of his parole eligibility date). Moreover, earned time credit, like presentence confinement credit, "is not a component of a sentence." *See People v. Baker*, 2019 CO 97M, ¶ 11. Because Soghigian challenges the DOC's administration of his earned time credit reviews, he does not raise cognizable Crim. P. 35(c) claims.

¶ 9 Third, we are persuaded by the divisions of this court holding that when a defendant challenges the acts or omissions of the DOC, the defendant's claim is not cognizable under Crim. P. 35(c) — the claim must be brought in a civil action against the DOC. *See People v. Carillo*, 70 P.3d 529, 530-31 (Colo. App. 2002) (concerning the DOC's collection of restitution from the defendant's inmate bank account); *People v. Huerta*, 87 P.3d 266, 267 (Colo. App. 2004) (contesting the DOC's application of a parole statute); *see also People v. Melnick*, 2019 COA 28, ¶¶ 6-7 (challenging the parole

5

board's decision not to grant a parole hearing); *cf. People v. Shackelford*, 729 P.2d 1016, 1017-18 (Colo. App. 1986) (until the defendant claims a right to be released, his request to compel the DOC to recalculate good-time credits is not ripe). Soghigian's claims concern the DOC's inaction under section 17-22.5-302, and he seeks relief against the DOC. Therefore, his claims are not cognizable under Crim. P. 35(c). *See Carillo*, 70 P.3d at 530-31.

¶ 10    Although the cases on which Soghigian relies — *People v. Frank*, 30 P.3d 664 (Colo. App. 2000), *People v. Maestas*, 920 P.2d 875 (Colo. App. 1996), and *People v. Alderman*, 720 P.2d 1000 (Colo. App. 1986) — reviewed earned time claims in a Crim. P. 35(c) proceeding, none of those cases address whether postconviction proceedings are the proper avenue to raise such claims. We found one case that appears to support Soghigian's position — *Turman* — but that case is factually distinguishable because there, the defendant sought good time credit for time spent in *presentence* confinement. *See Shackelford*, 729 P.2d at 1018. Here, Soghigian seeks an earned time credit *review* for time spent in an out-of-state prison.

## III.    Disposition

¶ 11    The order is affirmed.

JUDGE BERNARD and JUDGE BERGER concur.