24CA1503 Peo v Fuentes 10-02-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1503
Adams County District Court No. 23CR2373
Honorable Jeffrey A. Smith, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ernest Paul Fuentes,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE JOHNSON
Harris and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 2, 2025

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Ernest Paul Fuentes, Pro Se

¶ 1 Defendant, Ernest Paul Fuentes (Fuentes), appeals the district court's order denying his postconviction motion pertaining to presentence confinement credit (PSCC). We affirm.

## I. Background

¶ 2 The prosecution charged Fuentes with two counts of menacing and one count each of first degree criminal trespass and reckless driving. Fuentes pled guilty to an added count of conspiracy to commit menacing in exchange for the dismissal of the original charges.

¶ 3 The district court sentenced Fuentes to eighteen months in the custody of the Department of Corrections (DOC) — to be served concurrently with Fuentes's sentence in another case — and one year of mandatory parole. The court also specified that it was ordering 201 days of PSCC. The court issued a mittimus reflecting the eighteen-month sentence and 201 days of PSCC.

¶ 4 Within the next several months, Fuentes sent two letters to the court stating that the DOC had not applied the 201 days of PSCC to his sentence in this case. In the letters, he asked the court to award him the 201 days of PSCC (even though the court had already done so). In the second letter, he also asked the court to

1

"make sure DOC applies th[e] 201 days" to his sentence in this case.

¶ 5     As to each letter, the court issued an order stating that the mittimus already reflected the 201 days of PSCC.

¶ 6     Fuentes then filed the postconviction motion at issue, which he labeled as a "motion to modify and/or correct an illegal sentence pursuant to Crim. P. 35(a)." He claimed that the failure to apply the 201 days of PSCC to his sentence in this case made his sentence "illegal." In doing so, he pointed out the general rule that when concurrent sentences are imposed, PSCC should be applied to both sentences. *See Schubert v. People*, 698 P.2d 788, 795 (Colo. 1985). He also claimed that section 18-1.3-405, C.R.S. 2025 "contradicts itself" because the first and last provisions are inconsistent with each other. And although he asserted in the motion that he was not advised before entering his plea that the 201 days of PSCC would not be applied to his sentence in this case, he conceded that his plea was "valid and legal." He also clarified that he was not raising a claim of ineffective assistance of his plea counsel. Instead, he argued that the district court should have

advised him at sentencing that the 201 days of PSCC would not be applied to his sentence in this case.

¶ 7     The district court issued a written order denying the motion, concluding that Fuentes's sentence was not illegal.

## II.     Standard of Review

¶ 8     We review the summary denial of a Rule 35(a) motion de novo. *People v Tennyson*, 2023 COA 2, ¶ 9, *aff'd*, 2025 CO 31.

## III.     Analysis

¶ 9     Even though Fuentes was released from the DOC as of July 21, 2025, his case is not moot. According to his mittimus, Fuentes must serve twelve months on parole following his DOC confinement. In *Edwards v. People*, 196 P.3d 1138, 1144 (Colo. 2008), the supreme court determined that an offender who has completed his term of confinement is entitled to have PSCC deducted from his mandatory parole. Therefore, based on the record before us, because Fuentes must be on parole until at least July 21, 2026, we conclude his appeal is not moot.

¶ 10     Nonetheless, we conclude that the district court did not err in denying Fuentes' motion pertaining to PSCC for four reasons.

¶ 11    First, Fuentes' motion to correct an illegal sentence pertained solely to PSCC, and because "PSCC is not a component of a sentence, . . . a challenge to PSCC is not cognizable as a claim that a sentence was not authorized by law pursuant to [Crim. P.] 35(a)." *People v. Baker*, 2019 CO 97M, ¶¶ 16, 22.

¶ 12    Second, and related to the first point, because PSCC is not a component of a sentence, it also is not a component of a "penalt[y]" under section 16-7-206(1)(a), C.R.S. 2025, or a "punishment" discussed by *People v. McKnight*, 617 P.2d 1178, 1186 (Colo. 1980). Aside from Fuentes's unpersuasive reliance on section 16-7-206(1)(a) and *McKnight*, he has not cited, nor are we aware of, any legal authority supporting his position that the district court was required to advise him at the providency hearing or sentencing hearing regarding how PSCC would be applied to one or more of his sentences.

¶ 13    Third, the written plea agreement in this case said nothing about PSCC, so we reject his argument that not applying the 201 days of PSCC to his sentence in this case violated the plea agreement.

¶ 14 Fourth, we agree with the Attorney General that the district court did all it was authorized to do under the PSCC statute by identifying the 201 days of PSCC on his mittimus. Under the PSCC statute, the only role for the district court "is to make a finding of fact concerning the number of days spent by a defendant in presentence confinement." *Edwards*, 196 P.3d at 1144 (quoting *Meredith v. Zavaras*, 954 P.2d 597, 605 (Colo. 1998)); *see also* § 18-1.3-405 ("At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus."). The district court did that here, and it therefore fully complied with its obligation regarding PSCC.

¶ 15 It is the *DOC's* role to *apply* PSCC in deducting time from a sentence or sentences. *See People v. Ostuni*, 58 P.3d 531, 534 (Colo. 2002) ("While the responsibility for allocating [PSCC] among new and previous offenses is not expressly assigned to [the DOC in the PSCC statute] . . . this is the clear inference to be drawn from [the statute]."); *People v. Henry*, 2013 COA 104M, ¶ 12 ("It is . . . the DOC's responsibility to determine to which sentence or sentences it will apply [the PSCC].").

¶ 16    Fuentes appears to suggest that because the DOC did not apply the 201 days of PSCC to his sentence in *this* case, his only recourse was to ask the district court, and now us, for relief in his criminal case.  He is incorrect.  "Because [the] defendant's challenge is not to his sentence, but rather to an act by [the] DOC, Crim. P. 35(a) does not give the trial court the authority to decide the issues raised in [the] defendant's motion."  *People v. Huerta*, 87 P.3d 266, 267 (Colo. App. 2004).

¶ 17    Fuentes' *only* possible legal avenue for the relief he seeks is via a mandamus action under C.R.C.P. 106 (but the record before us indicates that such an action would be unsuccessful because of the last sentence in section 18-1.3-405).  *See Ostuni*, 58 P.3d at 533 (A mandamus action is "an appropriate vehicle to compel compliance by the [DOC] with final court sentencing orders . . . ."); *Huerta*, 87 P.3d at 267 ("[The] [d]efendant's claim lies in an action against [the] DOC or the State Board of Parole, neither of which is a party [in this criminal case].").

¶ 18    In his reply brief, Fuentes appears to concede that the DOC *correctly* applied the law by *not* applying the 201 days of PSCC to his sentence in this case: "Mr. Fuentes could not have filed a

6

mandamus relief, because the court cannot even make [the] DOC apply the law, when they already did. . . .  [The] DOC applied the law properly. . . .  [He] would lose [a mandamus] action, because [the] DOC followed the law . . . ."  But if Fuentes agrees that the court correctly applied the law, it is unclear why he thinks he can prevail on a Rule 35(a) claim.

¶ 19    Finally, unrelated to the merits of his claim, we conclude that because the district court properly denied his motion as a matter of law, it did not err by declining to appoint counsel to represent him on the motion.  *See People v. Zuniga*, 80 P.3d 965, 973 (Colo. App. 2003).

IV.    Conclusion

¶ 20    The order is affirmed.

JUDGE HARRIS and JUDGE SCHOCK concur.