**PRAIRIE DOG ADVOCATES, a Colorado unincorporated nonprofit association, Plaintiff–Appellee,**

**v.**

**CITY OF LAKEWOOD, a Colorado home rule municipality, including the Lakewood Department of Community Resources; Michael Segrest, acting in his official capacity as Director of Community Resources; William Jewell, acting in his official capacity as Manager of Regional Parks and Golf of the Department of Community Resources; Bonnie Allison, Steve Burkholder, Barbara Green–Martin, Carol Kesselmann, Jean Saum, Jim Bullocks, Bob Filson, Margy Greer, Kathy Knoble, and Scat Scatterday, Jr., in their official capacities as City Council Members; and Linda Morton, acting in her official capacity as Mayor, Defendants–Appellants.**

No. 98CA2396.

Colorado Court of Appeals, Div. II.

May 25, 2000.

As Modified on Denial of Rehearing July 20, 2000.

Certiorari Denied April 9, 2001.

Stiner & Beck, Jennifer Melton, Golden, Colorado, for Plaintiff–Appellee

Gorsuch Kirgis LLP, Malcolm M. Murray, Denver, Colorado, for Defendants–Appellants.

Opinion by Judge PLANK.

Defendant, the City of Lakewood (the city), appeals an injunction preventing it from exterminating some of the prairie dogs in a city park. The injunction resulted from an action brought by plaintiff, Prairie Dog Advocates, an unincorporated nonprofit association, for review of the city's decision pursuant to C.R.C.P. 106(a)(4). We reverse and remand with directions.

The city owns and operates as a city park an area of open space consisting of approximately 350 acres. Seven prairie dog colonies existed within the open space, and the city initially intended to exterminate five of those colonies. After posting notices of its intent to do so and receiving public comment, the city instead decided to exterminate only two colonies. Plaintiff then sought review of the city's decision pursuant to C.R.C.P. 106(a)(4), alleging (1) that extermination was a prospective violation of § 33–6–203, C.R.S.1999; (2) that the manner of extermination proposed would raise aesthetic and ecologic concerns; and (3) that loss of the prairie dogs would adversely affect the property values of some of its members who own property adjacent to the park. The district court entered a temporary restraining order and, after a hearing, a preliminary injunction, preventing the exterminations. The city sought a writ of prohibition in the supreme court pursuant to C.A.R. 21. The supreme court determined that the petition instead stated an appeal of a preliminary injunction, and transferred the case to this court pursuant to § 13–4–110(2), C.R.S.1999.

The city contends that the district court lacked jurisdiction to enter its orders on two grounds: (1) that plaintiff lacks standing because it has not alleged a legally protected interest and (2) that the city's decision was not quasi-judicial action subject to review under C.R.C.P. 106(a)(4). We agree that the city's action was not quasi-judicial and therefore not subject to review. Because we have concluded that the trial court lacked subject matter jurisdiction to review the city's decision, we need not consider the city's argument that plaintiff lacks standing to bring this action.

I.

C.R.C.P. 106(a)(4) authorizes judicial review of a lower tribunal's actions only:

Where any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law:

(I) Review shall be limited to a determination of whether the body or officer has exceeded its jurisdiction or abused its discretion, based on the evidence in the record before the defendant body or officer.

When reviewing the decision of a governmental body pursuant to C.R.C.P. 106(a)(4), the district court must affirm the decision unless the governmental entity has abused its discretion or exceeded its jurisdiction. The district court's review is based solely on the record that was before the governmental entity. *Ross v. Fire & Police Pension Ass'n,* 713 P.2d 1304 (Colo.1986).

We apply to the decision of the governmental entity the same standard of review as the district court. *Krupp v. Breckenridge Sanitation District,* 1 P.3d 178 (Colo. App.1999). Such review is here complicated by the circumstances, for no record was made of the alleged hearing before the city. Instead, the district court conducted several hearings to attempt to establish the basis for the city's decision. We conclude that this was error. The district court is not permitted to take testimony or evidence, or to remand the matter to the lower tribunal for further findings or proceedings, when faced with an inadequate record. *See Hazelwood v. Saul,* 619 P.2d 499 (Colo.1980) (district court may not take additional testimony in ruling on C.R.C.P. 106(a)(4) complaint); *Garland v. Board of County Commissioners,* 660 P.2d 20 (Colo.App.1982) (district court may not remand to lower tribunal for additional

findings or proceedings). Thus, we will not consider the evidence introduced at the hearings in the district court except insofar as it is relevant to the question of whether the city's decision was a quasi-judicial act, and thus whether the district court had subject matter jurisdiction to consider plaintiff's C.R.C.P. 106(a)(4) complaint, an issue that may be raised at any stage of the proceedings. *See Toland v. Strohl,* 147 Colo. 577, 364 P.2d 588 (1961).

■ There is no "litmus test" for whether a particular action is quasi-judicial; instead, we must look to the nature of the decision being made, the scope of those affected by it, and the procedure used to make it. *Cherry Hills Resort Development Co. v. City of Cherry Hills Village,* 757 P.2d 622 (Colo.1988). Where a statute requires notice to affected persons and a hearing before an impartial decision-maker, the action is almost certainly quasi-judicial. *Snyder v. City of Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975); *Chellsen v. Peña,* 857 P.2d 472 (Colo.App. 1992). However, in the absence of a statutory requirement for notice and a hearing, an action may still be quasi-judicial in character if "the governmental decision is likely to adversely affect the protected interests of specific individuals, and if a decision is to be reached through the application of preexisting legal standards or policy considerations to present or past facts." *Cherry Hills Resort Development Co. v. City of Cherry Hills Village, supra,* 757 P.2d at 627.

Plaintiff concedes that there is no statutory requirement for notice and a hearing before the city may exterminate prairie dogs in its park. Thus, we must look to the nature of the decision to determine if the city's decision was made, or was required to have been made, in a quasi-judicial proceeding.

■ The city posted notices in the park, and also delivered similar notices to residents in the neighboring area, to inform them of the impending exterminations. Contrary to plaintiff's argument, however, the notices in the record before us did not "invite public comment," nor did they mention a time or place for a hearing. The notices did provide a telephone number to contact for additional information regarding the planned extermi-

nations. The record reflects, and plaintiff concedes, that the decision to exterminate the prairie dog colonies had already been made at the time the notices were posted and distributed and that, after numerous telephone calls and concerns expressed at a city council meeting, the city altered its decision, then planning to exterminate only two colonies rather than five.

■ We are not persuaded that public comment by concerned citizens at a regularly scheduled city council meeting constitutes a hearing that would render any resulting decision, or modification of a decision, a quasi-judicial act. Plaintiff relies on *Carpenter v. Civil Service Commission,* 813 P.2d 773, 776 (Colo.App.1990), for the proposition that a quasi-judicial hearing is "nothing more than an opportunity to be heard at a meaningful time and in a meaningful manner." However, in *Carpenter* the Civil Service Commission regulations authorized a prospective employee who was denied employment to appeal that decision and, while no public hearing was authorized or required, the procedure included a meaningful opportunity for the aggrieved party to be heard by presenting her case in writing. We are not persuaded that merely granting an opportunity to all the citizens of Lakewood to comment freely upon matters of public concern at a regularly scheduled city council meeting converts the city's subsequent decision, or modification of a decision, on any matter raised into quasi-judicial action.

Accordingly, we conclude that the decision was not made or modified in a quasi-judicial proceeding, and that it is not subject to review in the district court pursuant to C.R.C.P. 106(a)(4) on that basis.

## II.

Next, we must determine if the city's decision is inherently quasi-judicial in nature, and subject to review under C.R.C.P. 106(a)(4) despite the lack of notice and a hearing. *See Cherry Hills Resort Development Co. v. City of Cherry Hills Village, supra.* We conclude that it is not.

 An action is quasi-judicial if the decision at issue is likely to adversely affect the protected interests of specific individuals, and it is reached by application of preexisting legal standards or policy considerations to the facts presented. In contrast, legislative action affects the rights of individuals only in the abstract, and must be subsequently applied in a further proceeding involving specific individuals before it is subject to judicial review. *Cherry Hills Resort Development Co. v. City of Cherry Hills Village, supra.* A city's act that is necessary to carry out existing legislative policies and purposes, which does not express a new policy, and which relates to matters that are temporary in operation or effect, or which may otherwise properly be characterized as executive, is an administrative act. *City of Aurora v. Zwerdlinger,* 194 Colo. 192, 571 P.2d 1074 (1977). Like legislative acts, administrative acts are not quasi-judicial acts subject to review under C.R.C.P. 106(a)(4). *Carpenter v. Civil Service Commission, supra.*

 Here, we are persuaded that the city's decision is administrative in character, for it relates to a matter of temporary operation and effect, does not express a new city policy, is not directed to particular individuals, and is intended to carry out existing legislative policies regarding the management and operation of parks as expressed in the city's ordinances. *See* Lakewood Municipal Code § 9.32.010, *et seq.* (1998). Thus, the decision to exterminate prairie dogs is not inherently a quasi-judicial one, and it is not subject to review pursuant to C.R.C.P. 106(a)(4).

### III.

We next turn to plaintiff's argument that the city's decision to exterminate prairie dogs is in violation of state and federal statutory law. We conclude that plaintiff lacks standing to raise these issues directly, and that any such violations are not relevant here insofar as they might support a conclusion that the city exceeded its jurisdiction for purposes of review under C.R.C.P. 106(a)(4).

 We note initially that § 33–6–203, C.R.S.1999, enacting Colo. Const. art. XVI, § 12b, which, as relevant here, prohibits any person from poisoning wildlife, with certain exceptions, and which subjects violators to criminal penalties, does not expressly or implicitly create a private cause of action. *See Gerrity Oil & Gas Corp. v. Magness,* 946 P.2d 913 (Colo.1997) (where statute provides another remedy, courts will not infer a private cause of action). The statute and constitutional provision expressly do not apply to rodents, including prairie dogs. *See* § 33–6–204(1)(a), C.R.S.1999. Furthermore, the language of the statute plainly reserves its enforcement to the state. Accordingly, plaintiff lacks standing to enforce an alleged violation of the statute.

 Similarly, plaintiff also lacks standing to enjoin through this action an alleged violation of the federal Endangered Species Act, 16 U.S.C. § 1531, *et seq.* (1999). That act provides for private enforcement of its provisions exclusively in the federal district courts, and there only after various conditions are satisfied. *See* 16 U.S.C. § 1540(g) (1999).

To the extent that plaintiff raised these arguments to establish that the city exceeded its jurisdiction in deciding to exterminate the prairie dogs as grounds for overturning that decision upon C.R.C.P. 106(a)(4) review, we need not reach them because we have concluded, in Part I, that the decision was administrative and therefore not subject to such review.

### IV.

 Plaintiff also sought to challenge, as a quasi-judicial act, the city's issuance to itself of a permit authorizing the exterminations. Although we note that the permit was never issued because of the injunction prohibiting the exterminations, the parties agree that the permit would have been issued immediately absent the injunction, and therefore we may properly consider this issue on appeal.

 The city applied to itself for a permit to comply with Lakewood Municipal Code § 9.32.180 (1998), which requires such a permit before wounding or killing wildlife in a city park. Because the city was the appli-

cant for the permit and the city's ordinances authorize a quasi-judicial hearing only to challenge the denial of a permit, issuance of the permit would not have been a quasi-judicial act subject to review under C.R.C.P. 106(a)(4). The issuance of the permit, under the circumstances presented here, would be nothing more than a ministerial act by the city, devoid of any meaningful official discretion and performed solely to carry out the prior administrative decision to exterminate the prairie dogs.

The judgment is reversed, and the cause is remanded to the district court to vacate the injunction and to dismiss the complaint for lack of jurisdiction.

Judge DAILEY and Judge PIERCE * concur.