The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

William H. FRANK, Defendant–
Appellant.

No. 98CA1735.

Colorado Court of Appeals,
Div. III.

Aug. 3, 2000.

Rehearing Denied Dec. 7, 2000.

Certiorari Denied Aug. 20, 2001.*

See also, 943 P.2d 28.

Ken Salazar, Attorney General, Christine
Cates Brady, Assistant Attorney General,
Denver, Colorado, for Plaintiff–Appellee.

* Justice KOULIS would grant as to the following
issue: Whether § 17-22.5-405, C.R.S. requires the
State of Colorado's Department of Corrections to
conduct an earned-time credit review of an in-
mate's performance while he was incarcerated in
another jurisdiction serving a concurrent Depart-
ment of Corrections sentence.

David S. Kaplan, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, William H. Frank, appeals from the trial court's order denying his post-conviction motion to amend the mittimus to award him earned-time credits pursuant to § 17–22.5–405, C.R.S.1999. We affirm in part and remand for further proceedings.

Defendant was charged with three counts of sale of 28 grams or more of a schedule II controlled substance, a class three felony, and one count of possession of marihuana with intent to sell, a class four felony. He initially pled not guilty to the charged offenses. At the time of the charged offenses, defendant had been on parole for a federal conviction (88CR003).

Prior to trial, the prosecutor and defendant jointly requested a continuance of the trial date on the grounds that defendant had a federal parole hearing pending, as a result of his charges in the instant case, and that plea negotiations were ongoing to resolve both the federal and the state proceedings. The court granted the continuance.

Defendant eventually reached a plea agreement pursuant to which he admitted to having violated his federal parole, pled guilty to one count of sale of 28 grams or more of a schedule II controlled substance, and stipulated to a 14–year sentence at the Department of Corrections (DOC) to be served concurrently with his federal sentence.

At the providency and sentencing hearing on October 27, 1994, counsel informed the court of the terms of the plea agreement, and the court imposed sentence in accordance with those terms.

Specifically, the judgment of conviction provided that defendant would be sentenced to the "custody of the Executive Director of the DOC for a term of '14' (fourteen) years with credit for 460 days served prior to sentencing," and stated that the "sentence [was] to be served concurrently with federal case number 88CR003." In addition, the judgment directed the sheriff to "convey defendant to the Colorado State Department of Corrections Diagnostic Unit."

However, on July 15, 1994, before that sentence was imposed, defendant had entered a guilty plea to the federal parole violation and had been sentenced in federal court to a federal prison term. Thus, he remained in federal custody and was apparently not conveyed to the DOC diagnostic unit. He did not begin serving his state sentence in the DOC facility until March 1, 1998.

Defendant thereafter filed a motion to amend the mittimus to reflect that he was entitled to earned-time credit of 400 days pursuant to § 17–22.5–405, in connection with the time he had served in federal prison following his sentencing in the state case.

The court denied defendant's motion without holding an evidentiary hearing, noting that it "cannot award earned time" and "cannot convert it to presentence time without a stipulation." This appeal followed.

I.

Defendant contends that the trial court erred in denying his motion because he was entitled to enforce an implied promise by the prosecution that he could accrue earned-time from the date his state sentence was imposed, a promise he allegedly relied upon in entering into the plea agreement. We disagree.

■ What the prosecution promised defendant as part of the plea agreement was simply that his state sentence would run concurrently with his federal sentence. As defendant concedes in his opening brief, at no time during the providency hearing did the prosecution explicitly promise him that he would receive or be entitled to earned-time credit for the time he was in the federal prison. Indeed, the record does not indicate that the subject of earned-time credits was ever mentioned.

Defendant's contention amounts, in effect, to a request that an earned-time credit promise be read into his plea agreement where none exists. We decline to do so.

## II.

Defendant also contends that if § 17–22.5–405 is read as prohibiting him from receiving earned-time on his state sentence for time spent in federal prison, then the statute violates his constitutional right to equal protection.

Defendant failed to raise this issue in the district court. We therefore decline to consider it on appeal. *See People v. Cagle*, 751 P.2d 614 (Colo.1988) (an appellate court will not consider constitutional issues for the first time on appeal); *see also People v. Hughes*, 946 P.2d 509 (Colo.App.1997).

## III.

Finally, defendant contends that the trial court erred in not conducting a hearing to allow him to demonstrate to DOC that he should receive earned-time credits pursuant to § 17–22.5–405 for having made progress in one or more of the goals set forth in the statute during the time he was in federal prison. We agree that a remand is necessary.

As pertinent here, § 17–22.5–405(3) provides:

> For each inmate sentenced to the custody of the department, or for each parolee, the department shall review the performance record of the inmate or parolee and may grant ... consistent with the provisions of this section, an earned time deduction from the sentence imposed.

While the granting of earned-time by the DOC is discretionary, § 17–22.5–405(3) *requires* a review by DOC of the performance record of all inmates who are "sentenced to the custody of" DOC.

Although defendant was in the *physical* custody of the federal authorities while he was serving time in the federal prison, he was, nevertheless, concurrently serving his state sentence, and thus, he was technically also in the custody of DOC. *See People v. Alderman*, 720 P.2d 1000, 1002 (Colo.App. 1986) (recognizing that defendant who remained confined in Denver County Jail as a result of overcrowded conditions at DOC "was technically in the custody of the Di-

rector of the Department of Corrections from the date of imposition of his sentence.")

In *People v. Alderman, supra*, 720 P.2d at 1002, a division of this court determined that the defendant was not entitled to earned-time credit since "no goals or programs had been established for him because he had not been received at the Department of Corrections Diagnostic Unit." Therefore, he did not fulfill the statutory requirements.

The *Alderman* ruling was based on § 17–22.5–302, C.R.S.1999, which provides that in order to receive earned-time an inmate must make "substantial and consistent progress in *each*" of certain specified categories "as required by the department of corrections...." One of the categories was:

> [p]rogress toward goals and programs established by the Colorado diagnostic program.

As a division of this court recognized in *People v. Maestas*, 920 P.2d 875 (Colo.App. 1996), while § 17–22.5–302 thus requires that an inmate make substantial progress in *each* of the enumerated categories, § 17–22.5–405 (under which defendant claims a right to be considered for earned-time credits) does not contain such a requirement.

Here, as noted, because defendant was serving his state sentence concurrently with his federal sentence during the time he was in federal prison, he was technically also in state custody for purposes of consideration for earned-time credits. The department therefore has an obligation under § 17–22.5–405(3) to review defendant's performance record while he was in the federal prison, and he has a right to demonstrate that he made consistent progress in the categories listed in § 17–22.5–405 for consideration for a possible award of earned-time credits.

Accordingly, we conclude that a remand is necessary for a hearing to determine whether the department has reviewed and considered defendant's conduct while he was in the federal prison for purposes of considering the possible award of earned-time credits in connection with his time served in federal prison under the concurrent sentence.

The order is affirmed in all respects except as to the denial of hearing on whether DOC

has conducted a review of defendant's possible award of earned-time credits. The cause is remanded with directions that the trial court determine whether such review has been conducted and, if not, to direct the DOC to conduct such a review.

Judge JONES and Judge NEY concur.