**Leonard BALDAUF, Plaintiff–Appellant,**

v.

**David ROBERTS, Gary Neet, Whitman West, Richard Martinez, and Nard Claar, Defendants–Appellees.**

No. 00CA1719.

Colorado Court of Appeals, Div. I.

July 19, 2001.

Certiorari Denied Jan. 14, 2002.

Leonard Baldauf, Pro Se.

Ken Salazar, Attorney General, Lusanna J. Ro, Assistant Attorney General, Denver, CO, for Defendants–Appellees.

Opinion by Judge METZGER.

Plaintiff, Leonard Baldauf, an inmate in the custody of the Department of Corrections (DOC), appeals the judgment dismissing his C.R.C.P. 106(a)(4) complaint against defendants, various officials of the DOC who were involved in proceedings placing him in administrative segregation. We reverse the judgment and remand the case for further proceedings on the merits of plaintiff's claim for judicial review.

At issue in this appeal is whether the DOC's determination to place an inmate in administrative segregation, made following notice and a hearing pursuant to the applicable DOC regulation, is subject to judicial review pursuant to C.R.C.P. 106(a)(4). We agree with plaintiff that it is and conclude the district court erred in ruling otherwise.

Plaintiff filed a C.R.C.P. 106(a)(4) complaint seeking judicial review of the DOC's action that placed him in administrative segregation following notice and a hearing. His complaint was filed within thirty days of the DOC's final action on his administrative appeal. In his complaint, plaintiff alleged that the DOC had violated various requirements of the applicable regulation, DOC Administrative Regulation 600–02 (Feb. 1, 2000), in reaching its determination and thereby had abused its discretion in placing him in administrative segregation.

Defendants filed a motion to dismiss, asserting that such classification determinations are not reviewable under C.R.C.P. 106(a)(4). Defendants asserted that the administrative segregation determination was not a quasi-judicial action subject to judicial review and that inmates have no constitutionally protected liberty interest in classification determinations.

Following a response and a reply, the district court granted the motion to dismiss, and this appeal followed.

By its terms, C.R.C.P. 106(a)(4) authorizes judicial review of the actions of any administrative agency officials "exercising judicial or quasi-judicial functions" when there is no alternative remedy otherwise provided by law. Review of such quasi-judicial actions is limited to a determination, based on the agency record, whether the administrative tribunal has exceeded its jurisdiction or abused its discretion. C.R.C.P. 106(a)(4)(I).

Quasi-judicial action is generally characterized by the following factors: 1) a local or state law requiring that notice be given before the action is taken; 2) a local or state law requiring that a hearing be conducted before the action is taken; and 3) a local or state law directing that the action results from the application of prescribed criteria to the individual facts of the case. See *Gilpin County Board of Equalization v. Russell*, 941 P.2d 257 (Colo.1997); see also *Van Pelt v. State Board for Community Colleges & Occupational Education*, 195 Colo. 316, 577 P.2d 765 (1978).

In our view, the DOC's administrative segregation action meets the foregoing requirements for quasi-judicial action. As noted by plaintiff, the DOC's own regulations require notice and a hearing before an inmate may be placed in administrative segregation. See DOC Administrative Regulation 600–02 at III(A), IV(E), IV(F), IV(G) (Feb. 1, 2000). Moreover, such a determination must be based on the evidence presented at the hearing and on the criteria for such classification set forth in the DOC's administrative segregation regulation. See DOC Administrative Regulation 600–02 at II, III(O), IV(A), IV(I), IV(K) (Feb. 1, 2000).

Disciplinary actions taken by the DOC against inmates under its Code of Penal Discipline (COPD), set forth in DOC Administrative Regulation 150–01 (Feb. 1, 2000), have been held to be quasi-judicial actions that are reviewable under C.R.C.P. 106(a)(4). *Kodama v. Johnson*, 786 P.2d 417 (Colo. 1990). We perceive no meaningful distinction between the DOC's disciplinary proce-

dures and its administrative segregation procedures in terms of the quasi-judicial nature of these actions.

Thus, we conclude that administrative segregation actions under DOC Administrative Regulation 600–02 (Feb. 1, 2000), like disciplinary actions under the COPD, are quasi-judicial actions that are subject to judicial review pursuant to C.R.C.P. 106(a)(4).

Contrary to defendants' further argument, even assuming, without deciding, that inmates have no constitutionally protected liberty interest in classification determinations, it does not follow that administrative segregation actions are not reviewable under C.R.C.P. 106(a)(4).

 There is no requirement that a C.R.C.P. 106(a)(4) action must be based on alleged constitutional violations. *See, e.g., Tebbetts v. Whitson,* 956 P.2d 639 (Colo.App. 1997). Moreover, even absent any due process rights in the administrative proceedings, an inmate may obtain judicial review of the quasi-judicial actions of the DOC pursuant to C.R.C.P. 106(a)(4). *See Mariani v. Colorado Department of Corrections,* 956 P.2d 625 (Colo.App.1997); *see also Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)(n.11).

In any event, the issue whether an inmate has any constitutionally protected liberty interest in the DOC's administrative segregation proceedings is not properly before us in this appeal. The record shows that plaintiff acknowledged in the district court proceedings that he was not asserting any such claim in this case, and he specifically sought judicial review concerning only the DOC's alleged violations of various regulatory requirements in DOC Administrative Regulation 600–02 (Feb. 1, 2000).

Finally, because the complaint was dismissed before the administrative record had been provided and before the issues had been briefed, the case must be remanded for further C.R.C.P. 106(a)(4) judicial review on the merits of plaintiff's claim. *See Tebbetts v. Whitson, supra.*

In view of this disposition of the issues, we need not address the remaining contentions of the parties.

Accordingly, the judgment of dismissal is reversed, and the case is remanded to the district court for further proceedings consistent with the views expressed in this opinion.

Judge DAVIDSON and Judge ROY concur.