25CA0837 Williams v Stancil 03-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0837
El Paso County District Court No. 25CV34
Honorable Gregory R. Werner, Judge

---

Jimmy Williams,

Plaintiff-Appellant,

v.

Moses Andre Stancil, the Executive Director of the Colorado Department of Corrections,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE KUHN
Fox and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

---

Jimmy Williams, Pro Se

Philip J. Weiser, Attorney General, Rebekah Ryan, Senior Assistant Attorney General, Denver, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Jimmy Williams, appeals the district court's judgment dismissing his lawsuit against defendant, Moses Andre Stancil, the Executive Director of the Colorado Department of Corrections (CDOC). We affirm.

## I.    Background

¶ 2     Williams was convicted of six felonies, including sexual assault, and was sentenced into the custody of the CDOC. Still serving his sentence, he asked the CDOC to award him earned time credits that the CDOC had previously withheld. The CDOC denied the request.[1] *See* § 17-22.5-405, C.R.S. 2025.

¶ 3     Williams then filed a lawsuit against the CDOC, alleging that the CDOC improperly withheld earned time credits by (1) neglecting to enter credits for three separate months; (2) arbitrarily withholding credits based on Williams being ineligible for the sex offender treatment and monitoring program (SOTMP), *see* DOC Admin. Reg. 700-19; and (3) improperly withholding all credits while the CDOC held Williams in administrative segregation.

---

[1] Williams requested the additional credits by submitting a letter to his case manager and then exhausting the CDOC's grievance process.

Williams thus sought to compel the CDOC to "reward all missing earn[ed]-time."

¶ 4 The CDOC moved to dismiss the complaint as moot under C.R.C.P. 12(b)(1) and for failure to state a claim under Rule 12(b)(5). The CDOC asserted that Williams's complaint amounted to a C.R.C.P. 106(a)(2) request for mandamus relief. It argued that Williams's claim regarding the three omitted months was moot according to a 2025 official time computation, which the CDOC submitted with its motion. And the CDOC argued that mandamus relief was unavailable for the remaining claims because the CDOC retains sole discretion over whether to grant earned time credits. The district court adopted the CDOC's motion as its order and dismissed the lawsuit. Williams appeals.

## II. Analysis

¶ 5 Williams contends that the district court erred by ruling that his claims were moot or lacked plausible grounds on which to compel the CDOC to grant him earned time credits. We disagree.

### A. Standard of Review

¶ 6 By summarily adopting the CDOC's motion, the district court's order to dismiss necessarily relied on both Rule 12(b)(1) and Rule 12(b)(5).

¶ 7 We review a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) as a mixed question of fact and law. *Jefferson County v. Dozier*, 2025 CO 36, ¶ 13. This means we defer to the court's factual findings — unless clearly erroneous — and review its legal conclusions de novo. *Id.*; *see also Colo. Mining Ass'n v. Urbina*, 2013 COA 155, ¶ 23 ("We review de novo the legal question of whether a case is moot.").

¶ 8 "Courts must confine their exercise of jurisdiction to cases that present a live case or controversy." *Davidson v. Comm. for Gail Schoettler, Inc.*, 24 P.3d 621, 623 (Colo. 2001). Thus, courts lack subject matter jurisdiction to adjudicate moot claims. *See Robertson v. Westminster Mall Co.*, 43 P.3d 622, 628 (Colo. App. 2001). "A case is moot when a judgment would have no practical legal effect on the existing controversy." *Diehl v. Weiser*, 2019 CO 70, ¶ 10.

¶ 9 We also review de novo a dismissal for failure to state a claim under Rule 12(b)(5), and we apply the same standards as the district court. *Norton v. Rocky Mountain Planned Parenthood, Inc.*, 2018 CO 3, ¶ 7. To survive dismissal under Rule 12(b)(5), a plaintiff must plead sufficient facts that suggest plausible grounds to support a claim for relief. *Froid v. Zacheis*, 2021 COA 74, ¶ 29; *Warne v. Hall*, 2016 CO 50, ¶ 24.

¶ 10 In conducting our review, "[w]e accept all factual allegations in the complaint as true, viewing them in the light most favorable to the plaintiff, but we are not required to accept bare legal conclusions as true." *Norton*, ¶ 7. We may consider only "facts alleged in the pleadings, documents attached as exhibits or incorporated by reference, and matters proper for judicial notice." *Id.* We will uphold a district court order granting a Rule 12(b)(5) motion only if the plaintiff's factual allegations do not support the claim for relief as a matter of law. *Norton*, ¶ 7.

### B. Applicable Law

¶ 11 As a preliminary matter, Williams's complaint seemingly invokes Rule 106(a)(4) by repeatedly asserting that the CDOC abused its discretion. Of course, we construe pro se pleadings

liberally, giving effect to their substance rather than form.[2]  *See Jones v. Williams*, 2019 CO 61, ¶ 5.  But despite his references to abuses of discretion, we interpret his complaint as narrowly seeking relief under Rule 106(a)(2).  This is so because the complaint explicitly seeks only to compel the CDOC to award Williams additional earned time credits.  *Cf. Johnson v. McGrath*, 2024 COA 5, ¶ 10 (holding that it is not our role to act as advocate for pro se parties); *Minshall v. Johnston*, 2018 COA 44, ¶ 21 ("[L]iberal construction does not include inventing arguments not made by the pro se party.").

¶ 12     Rule 106(a)(2) provides that a plaintiff may seek relief "to compel a lower judicial body, governmental body, corporation, board, officer or person to perform an act which the law specially enjoins as a duty."  Also known as mandamus, Rule 106(a)(2) provides "an extraordinary remedy that requires public officials to perform plain legal duties they owe by virtue of their offices."  *Owens v. Carlson*, 2022 CO 33, ¶ 21.  Mandamus relief is appropriate only when a plaintiff demonstrates that "(1) the plaintiff

---

[2] The complaint's title referenced C.R.C.P. 106(a)(2) and (4).  The rest of Williams's pleadings contain no mention of Rule 106(a)(4).

has a clear right to the relief sought; (2) the agency has a clear duty to perform the act requested; and (3) no other adequate remedy is available to the plaintiff." *Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875, 877 (Colo. App. 2003). Mandamus can compel only the performance of "a purely ministerial duty involving no discretionary right"; it cannot compel a task that is "discretionary or involves the exercise of judgment." *Owens*, ¶ 21 (quoting *Bd. of Cnty. Comm'rs v. Cnty. Rd. Users Ass'n*, 11 P.3d 432, 437 (Colo. 2000)).

¶ 13    As relevant here, the CDOC has the discretion under section 17-22.5-405(1) to award earned time credits:

> Earned time, not to exceed ten days for each month of incarceration or parole, *may be* deducted from the inmate's sentence upon a demonstration to the [CDOC] by the inmate . . . that the inmate has made consistent progress in [specified] categories as required by the [CDOC] . . . .

(Emphasis added.) Because the CDOC has discretion whether to award earned time credits, a "plaintiff has no clear right to receive, and [the CDOC] ha[s] no clear duty to grant, earned time credit[s]." *Verrier*, 77 P.3d at 878.

6

### C.    Mandamus Is Not Available for Williams's Sought Earned Time Credits

¶ 14    Williams's claims for relief fail because they are either moot or ultimately seek to compel the CDOC to exercise its discretionary judgment through mandamus.

¶ 15    First, referring to the time records in his complaint, Williams claimed that the CDOC neglected to enter earned time credits for the months of March 2018, October 2013, and September 2009. Yet with its motion to dismiss, the CDOC provided a 2025 official time computation showing that the CDOC had properly entered those three months into Williams's time computation — which the district court implicitly accepted as part of its order.  In his opening brief, Williams does not contest that the CDOC entered the three months into his time records.  The issue is thus moot because compelling the CDOC to make time entries for those same months in which it has already made entries will have no practical effect. *See Diehl*, ¶ 10.

¶ 16    Williams also doesn't challenge the substance of the March 2018 and October 2013 entries, which awarded him the full earned time credits.  But Williams asserts that the third month —

September 2009 — remains omitted from the 2025 computation. The record does not support this assertion. Contrary to his argument, the time computation report shows that the CDOC entered the month of September 2009 as zero, not that it omitted the month altogether.[3]

¶ 17     Even so, Williams contends that the CDOC acted deceptively by "alter[ing] [his] time computation" and "giving earn[ed] time credits" for the omitted months only *after* he filed his complaint.[4] But even assuming the CDOC's reasons for altering his time computation were fraudulently motivated, Williams still recognizes that the CDOC did "giv[e] earned time credits" for two of the months at issue, and the record reflects that the third time entry was

---

[3] Williams did not raise the issue of whether the CDOC had a clear duty to award him more than zero credits for September 2009, as he merely contends that the month was omitted. *See Colo. Div. of Ins. v. Statewide Bonding, Inc.,* 2022 COA 67, ¶ 73 ("Arguments never presented to, considered by, or ruled upon by a trial court may not be raised for the first time on appeal.").

[4] Williams provided a 2022 official time computation that shows the three months had been previously omitted. If accurate, it is perhaps concerning that the CDOC allegedly waited until after Williams initiated his lawsuit to correct its oversight. Nonetheless, this concern doesn't impact our analysis because it is not relevant to Williams's mandamus relief, as discussed above.

added, albeit as a zero. He doesn't assert that the credits weren't entered or that the district court erred by relying on the 2025 official time computation. *See Dozier,* ¶ 13. It follows that, even if the CDOC acted for deceptive reasons, Williams's claim remains moot. In his complaint, Williams sought only to compel the CDOC to fix the missing time entries. And he has already received that relief. *See Diehl,* ¶ 10.

¶ 18 Second, Williams contends that the CDOC must award him missing earned time credits for the period of December 1998 to September 2005. During this period, the CDOC allegedly awarded him less than ten days of earned time credits per month due to Williams not participating in SOTMP. According to Williams, he could not participate in SOTMP because the CDOC deemed him ineligible for the program.[5] *See* DOC Admin. Reg. 700-19(IV)(C)(4). Further, he asserts that the CDOC began awarding him the maximum amount of earned time credits after 2005, even though Williams remained ineligible for SOTMP. Williams argues that this

---

[5] Williams was purportedly classified as ineligible for SOTMP because he had more than four years until his parole eligibility date. *See* DOC Admin. Reg. 700-19(IV)(C)(4).

demonstrates that the CDOC's withholding of credits before 2005 based on his SOTMP ineligibility was capricious.

¶ 19    To be sure, the allegations that the CDOC withheld earned time credits because it wouldn't permit Williams to participate in a treatment program give us pause. But that explanation also doesn't entirely line up with this record. It's true that Williams received a reduced number of hours forty-six times during the period he challenges, and he received zero hours on twenty-one occasions. But according to the report he submitted in support of his argument, he also received the full amount of earned time for fourteen of those months, interspersed among the others. This pattern does not suggest that the CDOC was reducing his hours because he was not participating in treatment for which he was not yet eligible.[6]

¶ 20    All that said, we are ultimately unpersuaded that Williams is entitled to relief because granting earned time credits — and allocating SOTMP resources — are wholly discretionary acts. *See*

---

[6] Additionally, as best as we can discern, Williams's status of "ineligible" would be considered compliant for purposes of earned time. DOC Admin. Reg. 625-02(IV)(D)(3)(b)(2)(a).

*Reeves v. Colo. Dep't of Corr.*, 155 P.3d 648, 651 (Colo. App. 2007) ("The [C]DOC has broad discretion over the classification and rehabilitation of inmates and the management of prisons."). Therefore, as it relates to mandamus, Williams has no clear right to compel the CDOC to award him discretionary earned time credits. *See Verrier*, 77 P.3d at 878; *Owens*, ¶ 21.

¶ 21　　Nevertheless, Williams further argues that under *Chambers v. Colorado Department of Corrections*, 205 F.3d 1237, 1240-42 (10th Cir. 2000), his status as a convicted sex offender triggers a protected liberty interest that entitles him to earned time credits that the CDOC withheld.

¶ 22　　But *Chambers* is distinguishable because it involved an inmate labeled as a sex offender — whom the CDOC then denied earned time credits upon his refusing to admit the sex offender status to receive treatment — based on sexual assault *allegations* uncovered in his criminal record. *Id.* at 1242-43. Here though, the CDOC classified Williams as a sex offender as a result of his *conviction* for sexual assault. Thus, Williams's protected liberty interest wasn't triggered because he "received the due process required for his classification" as a sex offender due to his having

"been convicted of a sex offense in a prior adversarial setting."

*Fisher v. Colo. Dep't of Corr.*, 56 P.3d 1210, 1213 (Colo. App. 2002);

*see also Reeves*, 155 P.3d at 652 ("[T]he [C]DOC need not provide

an inmate an additional hearing where the inmate was previously

convicted of a sex offense . . . ."). As a result, even though Williams

disagrees with the CDOC's allegedly changing policy regarding

earned time credits withheld for SOTMP ineligibility, his status as a

convicted sex offender doesn't trigger any clear duty by the CDOC to

award him earned time credits. *See Renneke v. Kautzky*, 782 P.2d

343, 344-45 (Colo. 1989) ("[T]he General Assembly has granted the

[CDOC] discretion to . . . withhold, withdraw[,] or restore earned

time credits authorized to be awarded to inmates.").

¶ 23    Third, Williams contends that the CDOC improperly withheld

all earned time credits during his placement in administrative

segregation for nearly two years.[7] He claims that the CDOC must

award him earned time credits for this period because (1) he "went

above and beyond regarding his behavior and cognitive development

---

[7] As best we can discern, administrative segregation was administered under DOC Admin. Reg. 600-02, which has since been repealed.

12

courses," and (2) the CDOC failed to document any noncompliance in Williams's "chronological record."

¶ 24     Whatever Williams's success in developmental programs, nothing in the statutes or regulations suggests that administrative segregation affects the CDOC's discretion to withhold earned time credits. *See People v. Frank*, 30 P.3d 664, 666 (Colo. App. 2000) (holding that, while section 17-22.5-405(3) requires the CDOC to review an inmate's performance record, "the granting of earned-time by the [C]DOC is discretionary").

¶ 25     As for documentation, Williams alleges that the CDOC failed to document the reason why it withheld earned time credits when he was in administrative segregation. This in turn, he argues, violated the CDOC's "documentation of compliance or non-compliance" regulation, which states that "[i]f less than the maximum earned time amount is granted, the reason must be documented in the offender's chronological record." DOC Admin. Reg. 625-02(IV)(D)(3).

¶ 26     Even so, Williams's complaint doesn't seek judicial review of the documentation regulation or review of the regulation's application to him. *Cf. Verrier*, 77 P.3d at 879 (holding that the CDOC's creation of a policy was not quasi-judicial under Rule

13

106(a)(4) because "the policy applies to all inmates and was not directed specifically at [the] plaintiff").  Nor does he seek to compel the CDOC to update his chronological records.

¶ 27 Rather, he contends that, because the CDOC allegedly did not comply with its documentation regulation, the CDOC now has a duty to award him earned time credits for all the undocumented time in administrative segregation.

¶ 28 Even assuming Williams's allegations are true, as we must, the regulation grants him no right to earned time credits, and Williams fails to establish how the CDOC's alleged regulatory violation somehow deprives it of its statutory authority to withhold or withdraw credits at its discretion.  *See* § 17-22.5-405(1); *see also* *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (rejecting as frivolous inmate's due process claim based on denial of earned time credits during administrative segregation).  Consequently, Williams has no clear right to an award of earned time credits simply because the CDOC failed to document its reasons for withholding those credits, even if it failed to follow its own regulation while doing so.  *See Verrier*, 77 P.3d at 878.

14

¶ 29    Therefore, because Williams's claims all fail to state adequate grounds for mandamus relief, we conclude that the district court did not err by dismissing the case for lack of jurisdiction and for failure to state a claim.  *See* C.R.C.P. 12(b)(1), (5).

### III.    Disposition

¶ 30    The judgment of dismissal is affirmed.

JUDGE FOX and JUDGE SULLIVAN concur.