The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

William GARCIA, Defendant–Appellant.

No. 09CA1917.

Colorado Court of Appeals, Div. A.

May 26, 2011.

John W. Suthers, Attorney General, Robert Huss, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.

William Garcia, Pro Se.

Opinion by Judge ROTHENBERG.*

Plaintiff, William Garcia, appeals the district court's judgment affirming the determination by the Colorado Department of Corrections (DOC) that his conduct warranted placement in administrative segregation. Because we conclude the notice given to Garcia did not comply with the DOC's administrative regulations, we reverse the judgment and remand with directions to vacate the placement of Garcia in administrative segregation and to conduct any further proceedings in compliance with the regulations discussed below.

## I. Background

Garcia is an inmate in the custody of the DOC. On October 7, 2008, he was served with a "Notice for Administrative Segregation Hearing" that was scheduled for October 14, 2008. The notice provided that Garcia was "a danger to the safety and security of the Sterling Correctional Facility"; that confidential information would be presented at

the time of the hearing to support Garcia's removal from population; and that he previously had been in administrative segregation at another facility from May 7, 2002, through February 2, 2005.

At the hearing, Garcia was informed for the first time that (1) confidential information showed he was involved with the introduction of heroin into the correctional facility for the purpose of distribution; (2) this information was corroborated by other confidential sources; (3) multiple individuals were supposedly involved with Garcia in the introduction of drugs; (4) the incidents took place over a three to four month period; and (5) members of a specific gang were involved in the drug trafficking.

Based on the testimony and the confidential information presented at the hearing, the administrative segregation committee concluded Garcia's conduct posed an extreme danger to staff and offenders and warranted his placement in administrative segregation. That determination was upheld on administrative review, after which Garcia filed this action in district court challenging it. The district court upheld that determination.

## II. Lack of Notice

Garcia contends he was not given proper notice of the allegations against him which violated his constitutional right to due process and his rights under the DOC's administrative regulations. We agree in part.

▪ An inmate has a liberty interest that implicates due process when the conditions impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin,* 545 U.S. 209, 223, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005) (quoting *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). But administrative segregation generally does not constitute an atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life. *See Penrod v. Zavaras,* 94 F.3d 1399, 1407 (10th Cir.1996).

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24-51-1105, C.R.S.2010.

Garcia presented insufficient evidence regarding the conditions of his administrative segregation. Thus, he has not alleged a due process violation. However, we will review his allegation that the DOC failed to comply with its administrative regulations in placing him in administrative segregation.

■ Initially, we reject the DOC's contention that Garcia failed adequately to preserve this issue for appeal. He argued at the hearing that the information provided was too limited to allow him to refute it properly. We conclude this was sufficient.

■ An administrative segregation determination is reviewable under C.R.C.P. 106.5 and C.R.C.P. 106(a)(4). *See Baldauf v. Roberts,* 37 P.3d 483, 484–85 (Colo.App.2001). Review of that determination is generally limited to whether prison officials have exceeded their jurisdiction or abused their discretion. *Id.,* 37 P.3d at 484. Prison officials abuse their discretion when they misinterpret or misapply governing law. *See Phillips v. Executive Director, Colorado Dept. of Corrections,* 251 P.3d 1176 (Colo.App.2010); *see also Save Park County v. Bd. of County Comm'rs,* 990 P.2d 35, 42 (Colo.1999) (misinterpretation or misapplication of governing law by an agency is an alternative basis for finding an abuse of discretion under C.R.C.P. 106(a)(4)).

The applicable regulation concerning the content of the notice that must be given to inmates requires that it "include a summary report setting forth the facts relied upon and reason(s) why the offender should be considered for placement into administrative segregation." *See* Dep't of Corr. Reg. No. 600–02(IV)(F)(1). In addition, the notice "shall include, insofar as practicable, the place, date, and time of the conduct or situation which forms the factual basis" for the recommendation for the administrative segregation. *See* Dep't of Corr. Reg. No. 600–02(IV)(F)(2). And, "[t]he general substance of any confidential information including time, date, and location shall be included" in the notice. *See* Dep't of Corr. Reg. No. 600–02(IV)(F)(3).

We conclude the "Notice for Administrative Segregation" provided to Garcia was so inadequate as to constitute an abuse of discretion. It stated that he was "a danger to the safety and security" of the correctional facility, but gave Garcia no particulars as to why he was a danger. It informed him that he was being "Removed from Population due to confidential information received by Intel and the Investigator's office"; and that "[t]his information will be presented at the time of the hearing," but Garcia was given no information to assist him in preparing for the hearing. Similarly, the statement that Garcia "has previously been in Ad Seg at CSP from 5/7/02 to 2/11/05," gave him no indication why he was being disciplined this time.

■ We are cognizant of the DOC's need to discipline offenders and of the problems and security issues raised by confidential informants. Nevertheless, we conclude the notice in this case utterly failed to inform Garcia of even "the general substance of any confidential information." Contrary to the DOC's contention, the omissions in the notice were not harmless. *See* Dep't of Corr. Reg. No. 600–02(IV)(V)(1) (providing that "[a]ny inadvertent procedural irregularity shall not constitute grounds for the setting aside, vacating or modifying a classification decision except upon a clear showing of prejudice to the offender).

Accordingly, we reverse the judgment and remand with directions to vacate the placement of Garcia in administrative segregation and to conduct any further proceedings in compliance with the regulations discussed below.

Given our conclusion, we need not address Garcia's additional contentions that confidential information was improperly used against him at the hearing because the required findings regarding reliability were not made; that evidence regarding a prior administrative segregation proceeding was improperly considered; that he was denied the right to call witnesses or present documentary evidence during the hearing with regard to the prior administrative segregation action; and that the DOC did not resolve his administrative appeal in a timely manner.

The judgment is reversed and the case is remanded for further proceedings in accor-

dance with the views expressed in this opinion.

Chief Judge DAVIDSON and Judge WEBB concur.