**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 3, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JENNIFER DIANE HARRIS,

 Petitioner-Appellant,

v.

RICK RAEMISCH, Executive
Director of the Colorado Department
of Corrections; DONA K.
ZAVISLAN, Warden of Denver
Women's Correctional Facility; THE
ATTORNEY GENERAL OF THE
COLORADO DEPARTMENT OF
CORRECTIONS,

 Respondents-Appellees.

No. 14-1027

(D.C. No. 1:13-CV-02270-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **BRORBY**, Circuit Judges.

 After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

 [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

Petitioner and appellant, Jennifer Diane Harris, a Colorado state prisoner proceeding *pro se*, seeks a Certificate of Appealability (COA) in order to appeal the district court's denial of her petition under 28 U.S.C. § 2241.  We deny her request for a COA.

## I

Following an administrative hearing, Harris was convicted on March 25, 2010, of assaulting another inmate in violation of the Code of Penal Discipline.  According to Harris, her conviction resulted in 30 days in punitive segregation, $800 of restitution, and the loss of three months of earned time.  She filed an action in the Denver County District Court challenging her conviction pursuant to C.R.C.P. 106.5, which provides for judicial review of a "quasi-judicial hearing" by the Colorado Department of Corrections (CDOC) to determine whether the CDOC "has exceeded [its] jurisdiction or abused [its] discretion."  The Denver County District Court denied her claims on January 14, 2011.  Harris did not appeal.  Nor did she appeal the Denver County District Court's March 12, 2012, denial of her Motion for Reconsideration and Reinstatement.  Instead, Harris filed something called a "Motion for Waiver of State Exhaustion Requirement" in the Denver County District Court on August 14, 2013, which was denied on December 17, 2013.

2

On September 3, 2013, Harris filed a § 2254 habeas petition in federal district court, which the court construed as a § 2241 petition. The district court directed the Respondents to file a Preliminary Response addressing the affirmative defenses of timeliness under § 2244(d) and/or exhaustion of state court remedies. Respondents filed that Preliminary Response on October 2, 2013, contending that Harris's action is untimely under the one-year limitation period in § 2244(d)(1), and that Harris failed to exhaust her state court remedies.

Then, on December 19, 2013, the district court denied Harris's petition and her request for a COA. The district court concluded, *inter alia*, that Harris failed to exhaust her state court remedies as to any of her claims.

## II

A COA is a jurisdictional prerequisite to our review of a 28 U.S.C. § 2241 petition. 28 U.S.C. § 2253(a), (c)(2); Dulworth v. Jones, 496 F.3d 1133, 1135 (10th Cir. 2007). Where the district court has denied a COA on procedural grounds, we will issue a COA only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). Even construing Harris's *pro se* request liberally, see Childs v. Miller, 713 F.3d 1262, 1264 (10th Cir. 2013), we conclude that she fails to demonstrate that the district court's procedural ruling is debatable.

Congress has "emphatically" instructed that "habeas petitioners seeking relief in federal court must first exhaust all available state court remedies—that is, unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1)); see also Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (recognizing the exhaustion requirements contained in § 2254 apply to petitions brought under § 2241). "The exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (quoting Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994)). As the district court pointed out, a decision in a Rule 106.5 proceeding is reviewable by the Colorado Court of Appeals. See People v. Garcia, 259 P.3d 531, 533 (Colo. App. 2011).

Here, Harris concedes that she did not appeal from either of the Denver County District Court's orders, and she offers no argument that such an appeal would have been "futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" Magar, 490 F.3d at 818 (quoting 28 U.S.C. § 2254(b)(1)). Nor can Harris's Motion for Waiver of State Exhaustion

4

Requirement, which was filed only in the Denver County District Court, be fairly said to have "properly presented" her claims "to the highest state court." See Brown, 185 F.3d at 1124 (internal quotation marks omitted). Thus, we perceive no error in the district court's assessment that Harris failed to exhaust all available state court remedies.

## III

Also before the court is Harris's motion for leave to proceed on appeal *in forma pauperis*. See Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077, 1079 (10th Cir. 2007) ("[A] party who seeks *in forma pauperis* status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal *in forma pauperis* pursuant to the mechanism set forth in Rule 24(a)(5)."). "In order to succeed on h[er] motion, an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added) (citing 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir. 1962)). Harris fails to meet the second requirement, as her appeal fails to raise any nonfrivolous ground for challenging the district court's conclusion that she failed to exhaust all available state court remedies. Accordingly, we direct Harris to remit the full amount of the appellate filing fee.

5

**IV**

We DENY Harris's application for a COA and DISMISS the matter. We also DENY Harris's request to proceed *in forma pauperis* on appeal.

Entered for the Court


Mary Beck Briscoe
Chief Judge